**Usama Sadik ABDEL–WHAB, Petitioner**

v.

**ATTORNEY GENERAL OF THE UNITED STATES.**

No. 05–4139.

United States Court of Appeals, Third Circuit.

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 10, 2005.

Decided Dec. 6, 2005.

▮

Usama Sadik Abdel–Whab, Fishkill, NY, pro se.

Janice K. Redfern, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before BARRY, SMITH and NYGAARD, Circuit Judges.

OPINION

PER CURIAM

Usama Sadik Abdel–Whab [1] petitions for review of a decision of the Board of Immigration Appeals, denying his fourth motion to reopen his removal proceedings. We will deny the petition.

We review the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. *Ezeagwuna v. Ashcroft,* 325 F.3d 396, 409 (3d Cir.2003).[2] Abdel–Whab's petition argues

---

1. Certain documents show petitioner's name as "Abdel–Wahab," but we will adopt the spelling found in the caption of this case.

2. This court's review does not extend to any of the BIA's orders entered before August 9, 2005, because the petition for review was only timely as to that order. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Nocon v. INS,* 789 F.2d 1028, 1033–34 (3d Cir.1986).

that the Board should have reopened his proceedings to allow him to apply for relief under the Convention Against Torture, and due to new evidence regarding his wife's health. However, his petition then goes on to argue only that the conviction on which his removal order was based is invalid.[3]

Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As Abdel–Whab's motion was numerically barred by the regulations, the Board did not abuse its discretion in denying the motion. We will therefore deny the petition.

**3.** The motion to reopen Abdel–Whab submitted to the Board does argue that he was "tortured before in Egypt in 1998 & 1999." Any claim based on torture in 1998 and 1999 clearly could have been raised in his original removal proceedings. His motion also argued that the Egyptian government is now questioning relatives in Egypt about his de-

tention in the United States, which causes him to fear for his life. Assuming that. the Egyptian government is asking questions about him, that information is not sufficient to show that it is more likely than not that he will be tortured if returned to Egypt. *See* 8 C.F.R. § 208.16(c)(2); *Zubeda v. Ashcroft,* 333 F.3d 463, 471 (3d Cir.2003).